IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK AG, NEW YORK BRANCH | ) ) ) | Case No.: 1:25-cv-02332 |
| *Plaintiff* | ) ) ) | Judge Charles E. Fleming |
| v. | ) ) ) | **Deutsche Bank AG, New York Branch's Response to Supplemental Briefing Order on the Receiver's Motion for (I) Sale of Receivership Property; (II) Acknowledge Credit Bid Rights; and (III) Set Sales Procedures to Facilitate Requested Sale** |
| HH CLEVELAND HUNTINGTON, L.P., ET AL. | ) ) ) ) | |
| *Defendants* | ) ) | |

Plaintiff, Deutsche Bank AG, New York Branch, submits this response to the Court's Order for Supplemental Briefing. (Doc. 75) Without citing any authority, Defendants HH Cleveland Huntington, L.P., and Frank T. Sinito ("Defendants") claim that the sales process proposed by the Receiver in the Motion for (I) Sale of Receivership Property; (II) Acknowledge Credit Bid Rights; and (III) Set Sales Procedures to Facilitate Requested Sale (the "Sale Motion") (Doc. 61) is not a public auction but a private sale for purposes of 28 U.S.C. § 2001. Although there is very little caselaw that has interpreted Section 2001 with respect to the difference between a public sale and a private sale, particularly in the context of a receivership, this Court should follow the guidance from the district courts that have addressed that question and conclude that the Receiver's Sales Procedures qualifies as a public sale.

Under 28 U.S.C. § 2001 *et seq.*, "[p]roperty in the possession of a receiver ... shall be sold at public sale in the district wherein any such receiver was first appointed, … or on the premises or some parcel thereof located in such county, parish, or city, as such court directs." 28 U.S.C. § 2001(a). "Such sale shall be upon such terms and conditions as the court directs." *Id*. *E.g.*, *United States v. Grable*, 25 F.3d 298, 303 (6th Cir. 1994) (statute's intent "is to require that

1

the property be sold within a reasonable distance of where the property is located in order to bring a better price at the sale"). "Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales," *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968), as a "district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets[.]" *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006).

There is no requirement for the property to be appraised before the public sale, for "public sales possess no statutory price protections beyond a district court's formidable power to dictate the sale's terms and conditions, *id.* § 2001(a), and to confirm (or reject) sales." *Redus Florida Commercial, LLC v. College Station Retail Ctr., LLC*, 777 F.3d 1187, 1196 fn. 16 (11th Cir. 2014). The exposure to the marketplace, through the Receiver's consultant (Gordon Brothers) and the statutory notice under Section 2002,[1] will help to ensure that what the prevailing party is offering for the Property will be fair and reasonable, subject, of course, to this Court's final approval at a hearing where the interested parties (like the Defendants) will be given an opportunity to object.

But those objections are premature. The Western District of Kentucky recently noted that the statute does not define a "public sale" and that there is limited caselaw on the issue of whether a sales procedure qualifies as a public sale, instead of a private sale, under Section 2001. *Huntington Nat'l Bank v. Saint Catherine College, Inc.*, No. 3:16-cv-465-DJH, 2017 WL

---

[1] "A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated." 28 U.S.C. § 2002.

2

6347971, at **4-5 (W.D.Ky. Dec. 12, 2017). Like here, the financial institution in that case filed an action to recover debts owed by the defunct college, the district court appointed a receiver to manage, maintain, preserve, and repair the college's assets, including real estate, and the receiver retained an exclusive agent to list and market the real estate. *Id*. at *3. Unlike here, that agent received a letter of intent for all of the college's assets after extensive marketing, so the receiver entered into a purchase agreement with the potential purchaser and treated the potential purchaser as a stalking-horse bidder. *Id*. The receiver proposed a bidding period, auction, and sale hearing similar to what the Receiver proposes here, *id*., except that this Receiver does not yet have a stalking-horse bidder.

A junior creditor raised numerous objections, one of which is relevant here, *i.e.*, that the proposed sale was not a public sale and that it did not comply with the requirements of a private sale. *Id*. at *4. The Western District of Kentucky rejected the objection, finding that the sending of the bidding period and proposed sale to the extensive list of creditors in that case and publication in two local print publications for 4 weeks prior to the bid deadline satisfied the notice requirement in Section 2002 and, even if Section 2001 required more than that, the extensive marketing of the property by the receiver's agent, qualified the sale as a "public sale" under Section 2001. *Id*. at *5. The court also rejected the junior creditor's argument that the sale was to but a "limited audience," *id*., finding that the court was "'not at liberty to disregard the explicit legislative mandate and impose additional requirements borrowed from state law for a public sale [under 28 U.S.C. § 2001(a)][,]'" *id*. at *5 fn. 4 (quoting *J. Ray McDermott & Co. v. Vessel Morning Star*, 457 F.2d 815, 819 (5th Cir. 1972)). Finally, because the competitive bidding period of 45 days was longer than the timeframe mandated by Section 2002, the court rejected the junior creditor's objection to that timeframe. *Id*. at *5.

3

This Property is not a single-family residence or a multi-story commercial office building but a unique commercial property in the heart of downtown Cleveland and whose uniqueness presents challenges for its redevelopment and, therefore, the interest of potential bidders. As the Receiver testified at the hearing, "[t]he problem is the building has been sitting there now for 10 years[,]" and "[e]verybody knows it's there, and it doesn't appear that, you know, there's a local solution." (Tr. 24, Doc. 74, PageID # 1736) So, while notice in a general-circulation newspaper within Cuyahoga County will meet the minimum statutory requirement for a public sale, the Receiver engaged Gordon Brothers to rely on its global reach to market the Property. (Tr. 24, Doc. 74, PageID # 1736) The Receiver testified that, within the first couple of months, the interest appears to be outside of the Cleveland area. (Tr. 24, Doc. 74, PageID # 1736) The Court should be satisfied that the Receiver is working hard to attract as many bidders as possible.

The statute also requires the public sale to occur in this district. The offices for the Receiver (Solon) and his counsel (Avon) are both located in the Northern District of Ohio, so this requirement is also met. This Court also has the authority to allow for remote participation by directing the terms and conditions of the sale. *See*, *e.g.*, *Truist Bank v. AgTech Sci. Group, LLC*, No. 5:21-cv-00190-REW-MAS, 2022 WL 1164920, *4 (E.D.Ky. Mar. 25, 2022), *report and recommendation adopted,* 2022 WL 1154601 (E.D.Ky. Apr. 19, 2022) (approving public sale where one of two bidders appeared remotely). That permits a wider range of participation than the proverbial physical sale on the courthouse steps, particularly when there is the possibility of international participation, and that benefits the Receivership Estate and increases the possibility of better bids.

Nor is it disqualifying that only qualified bidders – those who have actually have the financial wherewithal to complete the sale – are allowed to participate in the public sale. Given

4

the Property's significant value and the amount at issue in this case, the pool of individuals or entities with the financial wherewithal to participate in an auction for this Property is inherently limited, so it makes sense that the Receiver be allowed to establish some minimum threshold before he is required to consider a potential bidder as a qualified bidder. This Court has the equitable power and discretion so to do. But that does not transform the sale into a private sale, which this Court implicitly recognized when it approved similar procedures as a public sale under Section 2001 in the receivership over the Notre Dame College, where there were requirements for potential bidders to become a qualified bidder, the bidders were required to make a good-faith deposit, and there was a pre-auction bid deadline. *See Bank of America, N.A. v. The Notre Dame College*, N.D. Ohio No. 25-cv-01061.

The question is whether the Receiver is proposing a procedure that is genuinely open to competitive bidding or whether he is negotiating a transaction. The Sales Procedures lay out a process for the former. As such, this is a public sale under Section 2001(a).

Finally, the Sales Procedures do not need to be amended to specifically provide for the protections afforded a private sale under Section 2001(b). The Receiver already has the equitable – and statutory – authority to seek a private sale without the same being spelled out in the Sales Procedures. If, during the course of the marketing and solicitation process, a potential bidder presents itself such that the Receiver determines that he has received such an outstanding offer to purchase the Property that should be accepted in lieu of a public sale, then the Receiver will need to return to the Court to seek that approval under Section 2001(b), including the three appraisals. The interested parties would have an opportunity to object to the Receiver's motion and to present their argument as to why the Court should reject such a private sale.

5

Respectfully submitted,

/s/ Matthew G. Vansuch
Timothy M. Reardon (0059631)
Matthew G. Vansuch (0079328)
Roetzel & Andress LPA
6550 Seville Dr., Suite B
Canfield, OH 44406
Tel. (330) 533-6195
Fax (330) 533-6198
treardon@ralaw.com
mvansuch@ralaw.com
Attorneys for Plaintiff


CERTIFICATE OF SERVICE

I certify that, on June 3, 2026, a copy of the foregoing was electronically filed through the Court's CM/ECF system, which will effect service on counsel for all parties.


/s/ Matthew G. Vansuch
Matthew G. Vansuch (0079328)
Roetzel & Andress LPA